UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4792 CAS (JEMx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | ZIPORA KOHANIM v. KERZNER INTERNATIONAL LIMITED; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(In Chambers:) DEFENDANTS KERZNER INTERNATIONAL NORTH AMERICA, INC., AND KERZNER INTERNATIONAL RESORTS, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** (filed 12/10/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION & BACKGROUND

On June 28, 2010, plaintiff Zipora Kohanim filed suit against defendants Kerzner International Limited ("KIL"); Kerzner International Holding Limited ("KIHL"); Kerzner International LTD ("KILTD"); Kerzner International Resorts, Inc. ("KIRI"); Kerzner International North America, Inc. ("KINA"); International Suppliers; and Does 1 through 10. On October 25, 2010, plaintiff filed a first amended complaint ("FAC") against the same group of defendants alleging claims for premises liability, negligence, and negligent hiring, retention or supervision of employee.[1]

Plaintiff's suit arises out of an alleged personal injury which occurred on June 28, 2009, at the Atlantis Resort located on Paradise Island, Bahamas. FAC ¶ 15. Plaintiff

---

[1] It appears that KIL, KIHL, KILTD, and International Suppliers, named as defendants in the FAC, have not been served with the complaint. Defendants state that they are unaware of any entity named "International Suppliers," and presume plaintiff may have meant I.S.S., Inc. ("ISS"). Mot. at 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4792 CAS (JEMx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | ZIPORA KOHANIM v. KERZNER INTERNATIONAL LIMITED; ET AL. | | |

alleges that she was sliding down a waterslide at Atlantis when she collided with the person who had gone down the slide before her, injuring her left foot and ankle. FAC ¶¶ 15, 17. Plaintiff alleges that defendants were negligent in failing to ensure that plaintiff did not begin her slide until the previous rider had cleared the area at the bottom of the slide. FAC ¶¶ 15–16.

On December 10, 2010, defendants KINA and KIRI filed the instant motion to dismiss plaintiff's FAC. On December 20, 2010, plaintiff filed an opposition. Defendants KINI and KIRI replied on December 27, 2010.[2] After carefully considering the arguments set forth by both parties, the Court finds and concludes as follows.

**II.    DISCUSSION**

Defendants argue that the Court should dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(3) because plaintiff signed a written agreement containing a valid forum selection clause requiring that this dispute be heard exclusively in The Bahamas. Mot. at 3.

Under federal law, forum selection clauses are presumed to be valid. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). Enforcement will be ordered unless it clearly would be "unreasonable and unjust, or the clause was invalid for such reasons as fraud or over-reaching." Id.; Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 591 (1991); Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 512 (9th Cir. 1988). A forum-selection clause is unreasonable if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum. Bremen, 407 U.S. at 12–18. The party seeking to avoid the forum-selection clause "bear[s] a heavy burden of proof." Id. at 17.

---

[2] On December 27, 2010, defendants also filed evidentiary objections to plaintiff's declaration (the "Kohanim Decl."). The Court denies as moot defendants' objections because the Court does not rely on the evidence to which those objections address.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4792 CAS (JEMx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | ZIPORA KOHANIM v. KERZNER INTERNATIONAL LIMITED; ET AL. | | |

On June 26, 2009, plaintiff signed an agreement entitled "Acknowledgment, Agreement and Release," that reads, in pertinent part:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever. . . .

Deft.'s Ex. B at 1. The agreement defines the "Resort Parties" as:

> Kerzner International Holdings Limited, Kerzner International Limited, Kerzner International Bahamas Limited, Atlantis Holdings (Bahamas) Limited, Ocean Club Holdings Limited, Paradise Island Holdings Limited, Paradise Islands Limited, Island Hotel Company Limited, and Paradise Enterprises Limited, Harborside at Atlantis Development Limited and Harborside at Atlantis Management Limited, along with their parent, related and affiliated companies at every tier, and the officers, directors, employees, agents, representatives, successors and assigns of each of the foregoing entities.

Id.

Defendants argue that plaintiff cannot satisfy her heavy burden of proof to show that the forum selection clause she signed was unreasonable or unfair. Mot. at 12. Defendants note that recently, the Eleventh Circuit upheld the enforcement of the identical forum selection clause in Krenkel v. Kerzner Int'l Hotels Ltd., 579 F.3d 1279, 1281 (11th Cir. 2009). Furthermore, defendants contend that plaintiff was provided an internet link via email with certain terms and conditions on June 3, 2009, when she initially booked her vacation at Atlantis, and on June 4, 2009, June 21, 2009, and June 24, 2009, when she made changes to her reservation. Mot. at 12–13. Defendants state that the terms and conditions indicated that upon checking-in, plaintiff would be asked to sign a registration card that included the mandatory forum selection clause at issue. Id. Moreover, defendants argue that plaintiff, an attorney licensed to practice law in the State of California, had an opportunity to read the forum selection clause upon checking-in at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4792 CAS (JEMx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | ZIPORA KOHANIM v. KERZNER INTERNATIONAL LIMITED; ET AL. | | |

Atlantis. <u>Id.</u> at 13.

    Plaintiff responds that she was not informed about the existence of the forum selection clause prior to arriving at Atlantis because her husband booked the trip, and the emails providing the terms and conditions were sent to his email account. Opp'n at 5; Declaration of Mehran Okhovat ¶¶ 2–5; Kohanim Decl. ¶¶ 4–7. Plaintiff avers that when she was first presented with the forum selection clause upon arrival at Atlantis she was exhausted from traveling to The Bahamas and being awake for more than twenty-four straight hours. Mot. at 6; Kohanim Decl. ¶¶ 8–16. Plaintiff argues that she "was left with no option but to sign the agreement" because she had already spent non-refundable money to book the hotel, airline, and food plan. Mot. at 6; Kohanim Decl. ¶¶ 17–18. Plaintiff further argues that the forum selection clause is unduly oppressive and its enforcement would result in a serious inconvenience depriving her of a meaningful day in court because, as a result of the injuries she sustained at Atlantis, she does not have the physical capacity to travel to The Bahamas to litigate her claims. Mot. at 7 (citing Kohanim Decl. ¶¶ 20–28; Declaration of Charles Kelman, DPM ("Kelman Decl.") ¶¶ 9–14).

    The Court finds that plaintiff agreed to the forum selection clause set forth above and its incorporation into the contract was not the product of fraud, undue influence, or overweening bargaining power. <u>See</u> <u>Bremen</u>, 407 U.S. at 12–18. Despite her argument that she was exhausted after traveling to The Bahamas, plaintiff presents no evidence suggesting that she did not have the opportunity to read and reject the clause. To the contrary, the evidence clearly shows that plaintiff, a licensed attorney, signed the agreement containing the forum selection clause upon arriving at Atlantis. <u>See</u> Deft.'s Ex. B at 1. Moreover, as the Eleventh Circuit noted in <u>Krenkel</u>, the forum selection clause signed by plaintiff was not hidden or ambiguous.

> Rather, it was on a one-page form entitled "Acknowledgment, Agreement and Release" that contained only eight paragraphs, was set apart in a separate paragraph, was in legible type in the same font and type size as the surrounding paragraphs, and began with the words "I agree." The language of the clause was plain and sufficiently gave the Krenkels notice they were agreeing to litigate any disputes that might arise from their visit in The Bahamas. Moreover, the agreement notified the Krenkels in bold,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4792 CAS (JEMx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | ZIPORA KOHANIM v. KERZNER INTERNATIONAL LIMITED; ET AL. | | |

capitalized letters to **"READ BEFORE SIGNING."**

Krenkel, 579 F.3d at 1281–82 (emphasis in original). Furthermore, plaintiff has failed to present sufficient evidence demonstrating that the selected forum is so gravely difficult and inconvenient that plaintiff "would effectively be deprived of [her] day in court were the clause enforced." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (citing and quoting Bremen, 407 U.S. at 12–18). Plaintiff's entire showing of inconvenience rests on statements in her own declaration, along with the declaration of her podiatrist, indicating that her physical injuries make litigating in The Bahamas difficult.[3] However, plaintiff presents no evidence suggesting that in order to pursue her claims in The Bahamas she will be required to travel to The Bahamas, or that her physical condition will not improve in the interim. Moreover, at least one court has held on facts similar to those in this case that, standing alone, a plaintiff's claimed physical impediments do not render a forum selection clause unreasonable. See Hesterly v. Royal Caribbean Cruises, Ltd., No. 06-3206-CV-S-RED, 2006 U.S. Dist. LEXIS 74897, at *10–12 (W.D. Mo. Oct. 16, 2006) (holding that enforcement of the forum selection clause was reasonable despite evidence that plaintiff suffered from tremendous physical and emotional pain as a result of her injury, that her physician had not cleared her to fly, and that she had regular physical therapy sessions and weekly doctor visits). Accordingly, the Court finds that enforcement of the forum selection clause would not be unjust.[4]

## III. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion to dismiss plaintiff's FAC. In light of the Court's dismissal based on its finding that the forum selection clause is valid and enforceable, the Court declines to address defendants' 12(b)(6) motion to dismiss for failure to state a claim on the grounds that KINA and KIRI

---

[3] Notably, the declaration submitted by plaintiff's podiatrist does not state that plaintiff cannot travel as a result of her injuries. See generally Kelman Decl. ¶¶ 1–14.

[4] Plaintiff has not shown that enforcement of the clause would contravene a strong public policy of the forum. Bremen, 407 U.S. at 12–18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O
JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4792 CAS (JEMx) | Date | January 5, 2011 |
|---|---|---|---|
| Title | ZIPORA KOHANIM v. KERZNER INTERNATIONAL LIMITED; ET AL. | | |

are improper parties to this lawsuit or defendants' 12(b)(2) motion to dismiss for lack of personal jurisdiction.

IT IS SO ORDERED.

00 : 00
Initials of Preparer    CMJ